**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4277**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TYAUNKA SHOLONDA MURPHY, a/k/a Tyannka Murphy, a/k/a Tyanuka
Murphy,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (7:08-cr-00063-BR-1)

Submitted:  April 30, 2010        Decided:  May 28, 2010

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE,
Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Tyaunka Sholonda Murphy pled guilty to possession with intent to distribute crack cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of drug trafficking offenses, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Murphy to fifty-seven months on the drug count and a consecutive sixty months on the firearm count, for a total sentence of 117 months' imprisonment, the bottom of the sentencing guidelines range. Murphy appeals her convictions and sentence. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning whether Murphy's plea was knowing and voluntary in light of an alleged Fourth Amendment violation, and challenging the reasonableness of Murphy's sentence. Murphy was advised of her right to file a pro se supplemental brief, but she did not file one. For the reasons that follow, we affirm Murphy's convictions but vacate her sentence and remand for resentencing.

Because Murphy did not move in the district court to withdraw her guilty plea, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Our careful review of the record convinces us that the district

2

court substantially complied with the mandates of Rule 11 in accepting Murphy's guilty plea and ensured that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Murphy argues that her plea was not constitutionally valid because she contends that the evidence that formed the basis for her convictions was seized in violation of the Fourth Amendment and that she did not realize this at the time of her plea. When assessing whether a guilty plea is constitutionally valid, this court considers whether, under the totality of the circumstances, it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

Murphy does not dispute that she had adequate ability to consult with her attorney or that she understood the proceedings against her. Instead, she claims that her plea was not knowing and voluntary because she did not realize at the time of her plea that the evidence against her had been seized in violation of the Fourth Amendment. However, even assuming arguendo a Fourth Amendment violation had occurred, this would not undermine her guilty plea because a plea is an admission of past conduct and does not depend on the seized evidence. See United States v. Broce, 488 U.S. 563, 573 (1989) (valid guilty plea does not require conscious waiver of potential defenses);

3

Haring v. Prosise, 462 U.S. 306, 321 (1983) (explaining that guilty plea amounts to admission of past conduct and is not undermined by validity of Fourth Amendment violation because plea does not rest on seized evidence). We therefore find Murphy's challenge to her guilty plea to be unavailing. To the extent that Murphy seeks to raise the Fourth Amendment claim as an independent issue, her valid guilty plea waives all nonjurisdictional defects "not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." Menna v. New York, 423 U.S. 61, 62 n.2 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973); see United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Turning to her final argument, Murphy contends that her sentence is unreasonable because it is greater than necessary to achieve the sentencing objectives enumerated in 18 U.S.C. § 3553(a) (2006). An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the

4

selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). The explanation need not be extensive as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Finally, this court reviews the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

In this case, Murphy sought a downward variance from the guidelines range, citing substance abuse problems, estrangement from her family, and emotional issues. Other than stating that it was imposing a sentence "[p]ursuant to the Sentencing Reform Act of 1984, and in accordance with the Supreme Court's decision in United States v. Booker, [543 U.S. 220 (2005)]," the district court offered no explanation of how it determined that the 117-month sentence would accomplish the sentencing goals set out in § 3553(a). There is no indication

5

in the record that the court considered Murphy's nonfrivolous arguments before sentencing her and the Government failed to show that the absence of an individualized explanation of the sentence was harmless. Lynn, 592 F.3d at 585. Because it is not clear whether the district court's explicit consideration of Murphy's arguments would have affected her sentence, we must vacate Murphy's sentence and remand for resentencing.

In accordance with Anders, we have reviewed the entire record for other meritorious issues and have found none. Accordingly, we affirm Murphy's convictions, vacate her sentence, and remand for resentencing that includes an individualized explanation for the sentence imposed. This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

6